UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ABIMAEL BEQUER ARROYO LUCAS, *et al.*,<br><br>Petitioners,<br><br>v.<br><br>KRISTI NOEM, *et al.*,<br><br>Respondents. | Case No.: 2:26-cv-00465-RFB-BNW<br><br>**ORDER GRANTING WRIT OF HABEAS CORPUS** |

Before the Court is Petitioners Abimael Bequer Arroyo Lucas, Jesus Gustavo Huerta Cortez, and Daglis Noely Flores Zelaya's Verified Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241, challenging the lawfulness of their civil detention at Nevada Southern Detention Center ("NSDC") in the custody of Immigration and Customs Enforcement ("ICE"). See ECF No. 1. Petitioners assert that their detention by Respondents without constitutionally adequate bond hearings under 8 U.S.C. § 1225(b)(2)(A) violates the Immigration and Nationality Act ("INA"), as they are properly detained under § 1226(a) and its implementing regulations, and violates the Due Process Clause of the Fifth Amendment. See Petition ("Pet.") at 27-29, ECF No. 1.

The Court makes the following findings of fact as to the three petitioners in this case based on the Verified Petition and exhibits provided by the parties. Petitioner Arroyo Lucas is a 41-year-old native and citizen of Guatemala who has resided in the United States since 2022, when he entered the country without inspection, fleeing from political persecution. See ECF No. 1 at 7. He has resided continuously in the United States, making a home in Saint George, Utah, and working in landscaping and maintenance fields. See id. His only criminal history is a misdemeanor DUI

1  conviction from September 2025. See id. at 8. On December 16, 2025, Petitioner Arroyo Lucas
2  was released from criminal custody immediately into ICE custody, transferred to NSDC, and DHS
3  commenced removal proceedings against him, charging him as, *inter alia*, being present in the
4  United States without admission or parole and therefore removable under 8 U.S.C. §
5  1182(a)(6)(A)(i). See id. at 7-8. On January 22, 2026, Petitioner sought a custody redetermination
6  hearing (*i.e.*, bond hearing) pursuant to 8 C.F.R. § 1236. See IJ Bond Decision, ECF No. 1-1 at 26.
7  Before the Las Vegas Immigration Court, Petitioner's counsel argued that the class wide
8  declaratory judgment in Maldonado Bautista v. Noem, No. 5:25-CV-01873-SSS-BFM, 2025 WL
9  3678485 (C.D. Cal. Dec. 18, 2025) entitled Petitioner, as a class member, to an individualized
10 bond hearing under § 1226(a) and its implementing regulations. See id. The immigration judge
11 (IJ) acknowledged the declaratory judgment, but denied Petitioner a bond hearing, because "[t]he
12 official position of the Executive Office for Immigration Review is that Maldonado Bautista . . .
13 does not purport to vacate, stay, or enjoin" Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025)
14 [hereinafter "Hurtado"], "immigration courts no longer have authority to issue bonds to any
15 individual . . . who has not been admitted to the United States." Id. However, on February 18,
16 2026, the Maldonado Bautista Court *did* vacate Hurtado under the Administrative Procedure Act,
17 5 U.S.C. § 706(2)(A). See Maldonado Bautista v. Noem, No. 5:25-CV-01873-SSS-BFM, 2026
18 WL 468284 (C.D. Cal. Feb. 18, 2026). Consequently, the immigration court's legal basis for not
19 providing Petitioner Arroyo Lucas with an individualized bond hearing is now void.

20 　　　Petitioner Huerta Cortez is a 29-year-old native and citizen of Mexico who has resided in
21 the United States since 2001, when he entered the country without inspection at age four. See ECF
22 No. 1 at 8. He has resided continuously in the United States, specifically Las Vegas, Nevada, for
23 the twenty-five years since. See id. at 8-9. Petitioner is married to a U.S. citizen and serves as the
24 primary financial provider for the blended household's seven children, all of whom are U.S.
25 citizens. See id. at 9. A former DACA recipient, Petitioner Huerta Cortez's criminal history was
26 limited to minor traffic infractions prior to the DUI arrest—which remaining pending and without
27 a conviction—that gave rise to his current detention. See id. at 9-10. Petitioner was held at Clark
28 County Detention Center, then the City of Las Vegas Detention Center, prior to being released into

ICE custody and transferred to NSDC on December 16, 2025. See id. at 10. That same day, DHS commenced removal proceedings against him, charging him as, *inter alia*, being present in the United States without admission or parole and therefore removable under 8 U.S.C. § 1182(a)(6)(A)(i). See Notice to Appear (JHC), ECF No. 10-4. At his master calendar hearing, Petitioner Huerta Cortez was told by the immigration judge that he would not be afforded a bond hearing because he entered the country without inspection. See Declaration (JHC), ECF No. 1-1 at 34.

Lastly, Petitioner Flores Zelaya is a 32-year-old native and citizen of Honduras who has resided in the United States since 2012, when he entered the country without inspection. See ECF No. 1 at 11. He has resided continuously in the United States since, working in the roofing industry in Texas from 2012 to 2024, before he and his family—his partner of seven years and their two young children—moved to Las Vegas, where they currently reside. See id. at 11. On January 2, 2026, Petitioner was arrested for domestic violence in his home; however, the Clark County District Attorney denied the charges the very next day. See id. After being ordered released from criminal custody, ICE picked Petitioner up at Clark County Detention Center pursuant to an immigration detainer and transferred him to NSDC on January 4, 2026. See id. at 11-12. On January 4, 2026, DHS commenced removal proceedings against him, charging him as, *inter alia*, being present in the United States without admission or parole and therefore removable under 8 U.S.C. § 1182(a)(6)(A)(i). See Notice to Appear (DNFZ), ECF No. 10-3. Petitioner Flores Zelaya has not requested a bond hearing due to the Las Vegas Immigration Judges' reliance on the now-vacated Hurtado. See ECF No. 1 at 13.

The only authority Respondents provide for continuing to detain Petitioners in mandatory detention without bond hearings is their novel statutory interpretation of § 1225(b)(2)(A), which this Court has repeatedly found is unlawful. See, e.g., Jacobo-Ramirez v. Noem, No. 2:25-cv-02136-RFB-MDC, 2026 WL 310090 (D. Nev. Feb. 5, 2026) (collecting cases). For the following reasons, and consistent with its prior decisions, the Court finds Respondents' ongoing detention of Petitioners under § 1225(b)(2)(A) is unlawful under the INA and Due Process Clause. Thus, the Court grants the Petition and orders Respondents to provide Petitioners prompt bond hearings or

immediately release them from custody.

While acknowledging that Hurtado's statutory interpretation—the immigration judges' basis for denying release on bond to these petitioners—is now vacated, this Court independently rejects Respondents' and Hurtado's statutory interpretation of § 1225(b)(2)(A) as applied to noncitizens like Petitioners, who were arrested by ICE far from any border or port of entry after years of residence in this country. The Court incorporates by reference its rulings on Respondents' arguments as to jurisdiction, administrative exhaustion, detention under the INA and due process from its decisions in Posada v. Noem, No. 2:26-cv-00050-RFB-BNW, 2026 WL 194715 (D. Nev. Jan. 26, 2026), Jacobo Ramirez v. Noem, No 2:25-cv-02136-RFB-MDC, 2025 WL 3270137 (D. Nev. Nov. 24, 2025), Escobar Salgado v. Mattos, No. 2:25-cv-01872-RFB-EJY, 2025 WL 3205356 (D. Nev. Nov. 17, 2025). Consistent with its prior decisions, the Court finds the government's application of § 1225(b)(2)(A) to Petitioners is unlawful under the INA and unconstitutional under the Due Process Clause of the Fifth Amendment.

The Court is not persuaded to reconsider its statutory[1] analysis by the small pool of nonbinding case law Respondents cite, including the Fifth Circuit decision in Buenrostro-Mendez v. Bondi, 166 F.4th 494 (5th Cir. 2026) for many of the reasons identified in dissent by Judge Douglas, see id., at 508-521 (Douglas, J., dissenting), and by other district courts. See, e.g., Carbajal v. Wimmer, No. 2:26-CV-00093, 2026 WL 353510 (D. Utah Feb. 9, 2026); Singh v. Baltazar, No. 1:26-CV-00336-CNS, 2026 WL 352870 (D. Colo. Feb. 9, 2026).

The Court therefore orders Respondents to provide Petitioners constitutionally adequate bond hearings pursuant to 8 U.SC. § 1226(a) and its implementing regulations, wherein the government bears the burden of establishing, by clear and convincing evidence, an individualized, constitutionally recognized interest in civilly detaining each Petitioner, *i.e.*, that his detention is necessary to prevent danger to the community or to ensure his future appearance at removal proceedings. See Singh v. Holder, 638 F.3d 1196, 1203 (9th Cir. 2011) ("Given the substantial

---

[1] The Court notes the Fifth Circuit did not consider a due process challenge to the government's new interpretation of § 1225(b)(2)(A). See Oral Argument, Buenrostro-Mendez v. Bondi, No. 25-20496, 44:56-45:11 (5th Cir. Feb. 3, 2026), available at https://www.ca5.uscourts.gov/OralArgRecordings/25/25-20496_2-3-2026.mp3 (counsel for the government stating "[t]here's not . . . a due process claim here.").

liberty interest at stake . . . we hold that the government must prove by clear and convincing evidence that an alien is a flight risk or a danger to the community to justify denial of bond.") abrogation on other grounds recognized by Rodriguez Diaz v. Garland, 53 F.4th 1189 (9th Cir. 2022); see also Martinez v. Clark, 124 F.4th 775, 785 (9th Cir. 2024) ("[T]he BIA properly noted that the government bore the burden to establish by clear and convincing evidence that [a detained noncitizen] is a danger to the community).

Consistent with its broad equitable authority to fashion a habeas remedy for unlawful detention "as law and justice require," the Court finds that, given the arbitrary deprivation of liberty that each Petitioner has suffered and continues to suffer, Respondents must provide bond hearings to each Petitioner promptly, no later than **March 9, 2026**, or immediately release him from custody on his own recognizance. See Carafas v. LaVallee, 391 U.S. 234, 238 (1968).

Based on the foregoing **IT IS HEREBY ORDERED** that the (ECF No. 1) Petition for Writ of Habeas Corpus is **GRANTED**.

**IT IS FURTHER ORDERED** that the (ECF No. 3) Motion for Temporary Restraining Order is **DENIED as moot.**

**IT IS FURTHER ORDERED** that Respondents must provide each Petitioner with a constitutionally adequate bond hearing pursuant to 8 U.S.C. § 1226(a), where the government bears the burden of establishing dangerousness or flight risk by clear and convincing evidence, no later than **March 9, 2026**. The immigration court must create a contemporaneous record of the bond hearing that is available to Petitioner upon request, see Singh, 638 F.3d at 1208, and consider each Petitioner's financial circumstances as well as possible alternative release conditions in setting bond, see Hernandez v. Sessions, 872 F.3d 976, 990 (9th Cir. 2017).

**IT IS FURTHER ORDERED** that, as to each Petitioner, if bond is granted, Respondents are **ORDERED** to **IMMEDIATELY RELEASE** Petitioner from detention. The Court has received notice of the hardship other petitioners have incurred in their efforts to satisfy bond through ICE payment portals, and, therefore, **IT IS FURTHER ORDERERD** that Petitioners be afforded until **April 9, 2026** to satisfy any monetary bond conditions.

**IT IS FURTHER ORDERED** that Respondents are **PERMANENTLY ENJOINED**

from invoking 8 C.F.R. § 1003.19(i)(2) to continue Petitioners' detention, as the Court has already found the regulatory automatic stay is facially unconstitutional and adopts that finding here. See Herrera v. Knight, 798 F. Supp. 3d 1184 (D. Nev. 2025).

**IT IS FURTHER ORDERED** that if a constitutionally adequate bond hearing is not conducted, as to each of the Petitioners, by **March 9, 2026**, Respondents must **IMMEDIATELY RELEASE PETITIONER** from custody **ON HIS OWN RECOGNIZANCE**.

**IT IS FURTHER ORDERED** that Respondents are **PERMANENTLY ENJOINED** from detaining Petitioners during the pendency of their current removal proceedings unless and until it is determined that detention is warranted under § 1226(a) *after* a constitutionally adequate bond hearing.

**IT IS FURTHER ORDERED** that Respondents are **PERMANENTLY ENJOINED** from detaining Petitioners pursuant to 8 U.S.C. § 1225(b)(2)(A).

**IT IS FURTHER ORDERED** that the Parties shall file a joint status report as to each Petitioner by **March 10, 2026**. The status report(s) shall detail if the bond hearing occurred, if bond was granted or denied, and, if denied, the reasons for that denial. If bond was granted or the bond hearing has not occurred, the status report shall confirm the Petitioner's release from detention in compliance with this Order.

The Clerk of Court is instructed to enter judgment accordingly and close this case. The Court retains jurisdiction to enforce its order and judgment. Petitioners may move to reopen this case to enforce the judgment without filing a separate case. The Court also retains jurisdiction to consider Petitioners' request for fees and costs pursuant to the 28 U.S.C. § 2412. Petitioners may file an application for fees and costs consistent with the deadlines and requirements set forth in 28 U.S.C. § 2412 and this Court's Local Rules of Practice 54-1 and 54-14.

**DATED:** March 2, 2026.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**